# North Ontario Pack. Co. v. Napier-McCall Co., et al.

## Assumpsit.

### (Decided May 17, 1917.  75 South. 143.)

1. **Appeal and Error; Harmless Error; Sustaining Demurrer.**—Sustaining a demurrer to several counts of a complaint is not prejudicial to plaintiff where the resulting amendment did not materially change the complaint, and the original counts were insufficient.

2. **Sales; Burden of Proof; Delivery.**—Plaintiff seller must show a compliance with the contract by shipping the goods or an excuse for failure to do so.

3. **Sales; Performance; Excuse for Nondelivery.**—That plaintiff seller experienced trouble in collecting from defendant for the first shipment of goods does not, in the absence of defendant's insolvency, relieve him from making further shipments.

4. **Appeal and Error; Review; Findings Upon Conflicting Evidence.**—Findings based partly upon oral testimony will not be reversed unless plainly contrary to the weight of the evidence.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Assumpsit by the North Ontario Packing Company against the Napier-McCall Company and others. Judgment for defendants and plaintiff appeals. Affirmed.

COLEMAN & COLEMAN for appellants.  F. E. BLACKBURN for appellee.

ANDERSON, C. J.—(1) We are at a loss to see how the appellant was injured by the ruling upon the demurrer to counts 1, 2, and 3, as he got the benefit of same after the amendment, as the only change wrought by the amendment was to in effect place upon the plaintiff the duty of delivering the fruit at Los

[Beall, et al. v. Folmar.]

Angeles or some point on Pacific Coast, and if "f. o. b. Pacific Coast common shipping points" meant this, then plaintiff was not injured by the amendment.   On the other hand, unless it meant such a delivery, then the counts were bad for not sufficiently setting out the terms and conditions of the contract.   We do not think that reversible error can be grounded upon the ruling of the trial court upon the demurrer to these courts.

(2-4) It was the duty of the plaintiff to show a compliance with its contract by shipping the fruit or an excuse for failing to do so.   There was no proof of a delivery of the fruit for shipment, and the defendant's evidence negatived any notification not to ship, or that the goods would not be received and paid for. True, plaintiff may have experienced some delay and trouble in collecting for the first shipment, yet this fact, in the absence of proof of defendant's insolvency, would not of itself relieve the plaintiff from proving the initial act of shipment as a condition precedent to a recovery.   The letters written by one of defendant's agents as to subsequent shipments was a mere request which did not change or modify the contract so as to relieve the plaintiff from complying with its obligation to ship.   Moreover, the evidence was partly ore tenus, and if there was a material conflict in same, we could not reverse the conclusion of the trial court upon the facts unless plainly contrary to the weight of the evidence.

The judgment of the city court is affirmed.
Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.